Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BRIAN L. TAYLOR,<br><br>*Plaintiff*,<br><br>v.<br><br>SHAWNDALE JACKSON, et al.,<br><br>*Defendants*. | Civil Action No. 19-16815<br>(JMV)(JAD)<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

Plaintiff Brian L. Taylor brings the above-captioned action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1-1. For the reasons discussed below, the Court grants Plaintiff's application to proceed *in forma pauperis*, but dismisses Plaintiff's Complaint, D.E. 1, ("Compl.") pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff has sufficiently established his inability to pay for the costs of his suit and the Court grants Plaintiff's motion to proceed *in forma pauperis* without prepayment of fees or costs.

When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that

for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Id.* at 789. In other words, although a plaintiff need not plead detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555 (internal quotations omitted).

Moreover, because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

2

I. **LAW AND ANALYSIS**

Plaintiff sued Shawndale Jackson,[1] Tracey George,[2] and Jeff Ackerman[3] (collectively, "Defendants"), alleging that he was subject to various "civil rights violations." Compl. at 2. In support of this contention, Plaintiff appears to make the following claims: (1) that Defendant Jackson violated the Americans with Disabilities Act ("ADA") by terminating his employment after Plaintiff admittedly threatened his coworker; (2) that Defendant Jackson violated the Fair Labor Standards Act ("FLSA") for "failing to pay [Plaintiff] a more comparable minimum wage as compared to [Plaintiff's] other [p]art-[t]ime [j]ob"; (3) that Defendant Jackson violated the Family and Medical Leave Act ("FMLA") when he "did not attempt to probe further into the nature of why [Plaintiff] felt the need to threaten [his coworker] and conclude that [leave under the FMLA] may have been a more prudent solution rather than [terminating Plaintiff]"; and (4) that Defendants Jackson and George committed perjury "during a telephonic Department of Labor Appeals Hearing" regarding Plaintiff's termination. *Id.* at 7.

1. Americans with Disabilities Act

To establish a *prima face* case of discrimination under the ADA, a plaintiff must establish that "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (internal quotation and citation omitted). Here, Plaintiff alleges that after witnessing one of his coworkers

---

[1] Defendant Jackson is alleged to be Plaintiff's "Store Manager" at Wilsons Leather. Compl. at 6.

[2] Defendant George is alleged to be Wilsons Leather's "Legal Representative." *Id.* at 7.

[3] No allegations appear to be asserted against Defendant Ackerman.

3

"crying uncontrollably," Plaintiff confronted another coworker and threatened to "slam [him] on his [expletive] neck" if he "had anything to do with the reason for [the crying coworker's] behavior." *Id.* at 6-7. Defendant Jackson, who apparently witnessed this exchange, then instructed Plaintiff to "clock-out" and leave the store, to which Plaintiff complied. *Id.* at 7. The next day, Defendant Jackson terminated Plaintiff's employment. *Id.* While Plaintiff alleges that he "suffers legally and clinically from Bi-Polar Disorder and Paranoid Schizophrenia," Plaintiff fails to sufficiently plead any factual allegations showing that Defendant Jackson terminated Plaintiff as a result of discrimination or based on his disability. Accordingly, Plaintiff fails to state a claim against Defendant Jackson under the ADA.

2. Fair Labor Standards Act

The FLSA provides that all employees must be paid a minimum wage of $7.25 per hour, unless one of the Act's exceptions applies. 29 U.S.C. § 206(a). Employees who work more than forty hours per week must be compensated for those extra hours "at a rate not less than one and one-half times the regular rate at which he is employed." *Id.* at § 207(a)(1). "Thus, to recover overtime compensation under the FLSA, 'an employee must prove that he worked overtime hours without compensation, and he must show the amount and extent of his overtime work as a matter of just and reasonable inference.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Davis v. Food Lion*, 792 F.2d 1274, 1276 (4th Cir.1986)).

Here, Plaintiff contends that Defendant Jackson violated the FLSA on two occasions by "failing to pay [Plaintiff] a more comparable minimum wage as compared to [Plaintiff's] other [p]art-[t]ime [j]ob at [Costco]." Compl. at 7. However, Plaintiff does not allege that he was paid less than the statutorily required minimum wage nor that he is entitled to unpaid overtime

4

compensation. Accordingly, Plaintiff fails to sufficiently state a claim against Defendant Jackson under the FLSA.

### 3. Family and Medical Leave Act

"There are two types of claims an employee can bring against an employer under the FMLA: (1) interference claims . . . pursuant to 29 U.S.C. § 2615(a)(1); and (2) retaliation claims . . . pursuant to 29 U.S.C. § 2615(a)(2)." *Grosso v. Fed. Exp. Corp.*, 467 F. Supp. 2d 449, 457-58 (E.D. Pa. 2006). "To state a claim of interference under [the FMLA], an 'employee only needs to show that he was entitled to benefits under the FMLA and that he was denied them.'" *Id.* at 462 (quoting *Callison v. City of Philadelphia*, 430 F.3d 117, 119 (3d Cir.2005)). "To prevail on a retaliation claim under the FMLA, the plaintiff must prove that (1) [he] invoked [his] right to FMLA-qualifying leave, (2) [he] suffered an adverse employment decision, and (3) the adverse action was causally related to [his] invocation of rights." *Lichtenstein v. U. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301-02 (3d Cir. 2012). "To invoke rights under the FMLA, employees must provide adequate notice to their employer about their need to take leave." *Id.* at 303 (citing 29 U.S.C. § 2612(e)(2)).

Here, Plaintiff contends that Defendant Jackson violated the FMLA because he "did not attempt to probe further into the nature of why [Plaintiff] felt the need to threaten [his coworker] and conclude that [leave under the FMLA] may have been a more prudent solution rather than [terminating Plaintiff's employment]." Compl. at 7. However, Plaintiff does not allege that he was entitled to FMLA leave, that he invoked his rights under the FMLA, or – assuming Plaintiff did invoke his rights – that he suffered an adverse employment decision as a result of his invocation of rights under the FMLA. Indeed, Plaintiff fails to set forth any factual allegations to support

5

either an interference claim or retaliation claim under the FMLA. Accordingly, Plaintiff fails to state a claim against Defendant Jackson under the FMLA.

4. Perjury

"There is no private right of action under either the federal or the New Jersey perjury statutes." *See Ali v. Person*, 904 F. Supp. 375, 377 n.1 (D.N.J. 1995); *see also Howard v. Paye*, 188 F. Supp. 3d 496, 499 (E.D. Pa. 2016) (explaining that plaintiff "cannot state a claim [for perjury] under 18 U.S.C. § 1621 because that federal criminal statute does not give rise to civil liability"); *see also Miller v. Cuneo*, No. 11-124, 2012 WL 333835, at *3 (W.D. Pa. Feb. 1, 2012) (explaining that the federal perjury statute "[does not] provide[] a private right of action under which [p]laintiff may sue for monetary damages"). Accordingly, Plaintiff fails to state a claim against Defendants Jackson and George for perjury.

## II. CONCLUSION

In sum, Plaintiff fails to sufficiently plead any factual allegations that support his claims. Accordingly, the Court dismisses Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Given Plaintiff's allegations, it appears that any attempt at amendment would be futile. However, because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with one additional

opportunity to file an amended complaint. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein.

If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support the claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, the dismissal will then be with prejudice.[4]

For the foregoing reasons, and for good cause shown,

IT IS on this 29 day of October, 2019,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court is directed to file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of receipt of this Opinion and Order, curing the deficiencies noted herein. If Plaintiff fails to file an amended complaint within thirty (30) days of receipt, dismissal of this case shall be with prejudice. In addition, if Plaintiff files an amended complaint but it is still deficient, this case will be dismissed with prejudice; and it is further

---

[4] A dismissal with prejudice means that Plaintiff will not be able to bring any future action against Defendants based on the allegations in the case.

7

**ORDERED** that the Clerk of the Court shall serve this Opinion and Order upon Plaintiff by regular and certified mail return receipt.

                                                                    JOHN MICHAEL VAZQUEZ, U.S.D.J.